**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
TELECOPIER (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
MICHAEL D. HOLTZ
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL

TODD STANFORD EAGAN
HENRY L. SELF, III
ANDREW B. BRETTLER
DANIEL R. GUTENPLAN
DAVID B. JONELIS
MICHAEL V. MANCINI
JONATHAN M. KLEIN

ALLISON S. HART
KEVIN JAMES
OF COUNSEL

November 22, 2013

**VIA ECF**
**and FACSIMILE:** (212) 805-7986

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 6B
New York, New York 10007

    Re:    *Catherine Scorsese v. Michael Simon et al.*
           S.D.N.Y. Case No. 13-cv-2718
           Our File No. 5300-2
           Pretrial Conference: **December 5, 2013; 11:30 a.m.**

Dear Judge Gardephe:

      Pursuant to your October 29, 2013 "Notice of Pretrial Conference," Plaintiff Catherine Scorsese ("Scorsese") and Defendants Michael Simon ("Simon"), Kenneth Waddell ("Waddell"), JumpView Entertainment, LLC ("JumpView"), and Campus Life Productions, LLC ("Campus Life") (collectively, "Defendants"), hereby submit this joint letter and enclosed case management plan in advance of the Pretrial Conference currently scheduled for **December 5, 2013 at 11:30 a.m.**

      **I.**    **Brief Description of the Case.**

      This case arises out of the production of the motion picture *Campus Life* (the "Picture") and the disputed ownership of the entities involved in the production of that Picture.

      Scorsese contends that Defendants fraudulently induced her to render valuable co-producing and co-directing services for them in connection with the Picture by promising her certain rights and compensation that they had no actual intention of providing – namely, (i) a 25% share of the profits from JumpView and a 33.33% share of the profits from Campus Life; (ii) the opportunity to both review and approve the Picture prior to its release; and (iii) a credit as the co-director and co-producer of the Picture. Because a written agreement was never finalized, Scorsese performed her services on the Picture under an oral agreement with Defendants (the "Agreement"), believing that Defendants would follow through on their promises and

Hon. Paul G. Gardephe
November 22, 2013
Page 2

representations. Not only did Scorsese provide her own valuable services to Defendants, but she even arranged for her father, legendary director Martin Scorsese, as well as acclaimed actor Ray Liotta, to provide their valuable services in connection with the Picture. Scorsese contends that she performed all of her contractual obligations under the Agreement, but that Defendants failed to do the same. In particular, Defendants failed and refused to provide her any compensation whatsoever for her directing and producing services, failed and refused to credit her as the co-director and co-producer of the Picture, and failed and refused to even allow her to review the Picture before they released it to the general public. Accordingly, Scorsese alleges there has been a complete failure of material consideration under the Agreement.

      <u>Defendants</u> contend that Scorsese is bringing a duplicative and retaliatory action filed solely to respond to the litigation that JumpView and Campus Life filed first against Scorsese in the Eastern District of Pennsylvania. Rather than bring counterclaims in the Eastern District of Pennsylvania, Scorsese has instead chosen to waste this court's time and resources by initiating a suit arising from – in Scorsese's own words – "the exact same issues" being decided in the Eastern District of Pennsylvania. The "exact same issues" include Scorsese's attempts to prevent the successful production, distribution, and promotion of the Picture and her demand for 25% ownership of JumpView. Simon and Waddell founded JumpView in 2010 and conceived of the Picture as a means to launch JumpView. Waddell approached Scorsese to serve as a co-director for the Picture, and Scorsese agreed to work on the Picture in exchange for a credit and for a share of certain revenues of the film. Scorsese struggled from the start of production and insisted that her contributions were going unrecognized. She decided that the initial agreement was not enough and demanded 25% ownership of JumpView from the Defendants. When Defendants held Scorsese to her initial agreement, Scorsese decided to destroy JumpView and Campus Life (and, concurrently, Simon and Waddell). For example, she hired friends to help for free with the Picture, but that "help" ended up costing Defendants additional money. She directed other friends, hired upon Scorsese's insistence to shoot promotional photographs and footage for the Picture, to withhold those photographs and footage from the Defendants. Scorsese still refuses to return these materials that belong to the Defendants. "The exact same issues" are at issue in both the Pennsylvania and New York litigation, and as the Pennsylvania action was filed first, this Court should dismiss the instant action or transfer the instant action or stay the instant action pending resolution of the same litigation in the Eastern District of Pennsylvania.

      **II.    Contemplated Motions**

      Defendants currently have a lawsuit pending against Scorsese in the Eastern District of Pennsylvania (the "Pennsylvania Action"), which involves many of the same facts at issue in this action. Because Scorsese contends that the Southern District of New York is the proper forum for any dispute regarding the issues at bar, she filed a motion on June 14, 2013 seeking to dismiss the Pennsylvania Action and/or transfer that action to this forum. As of the date of this joint letter, the court in the Pennsylvania Action has not ruled on Scorsese's motion.

As set forth in Defendants' June 21, 2013 letter to the Court requesting a pre-motion conference, Defendants have indicated their intent to file a motion to dismiss this action or transfer the action to Pennsylvania or stay the action until the first-filed litigation in the Eastern District of Pennsylvania is resolved. By letter dated June 25, 2013, Scorsese's counsel opposed Defendants' request for such a pre-motion conference, noting that it would be premature and duplicative for this Court to entertain the relief sought by Defendants until there has been a ruling on Scorsese's pending motion in the Pennsylvania Action.

Scorsese anticipates that she will file a motion for summary judgment or adjudication after the parties complete discovery.

Defendants anticipate that they will file a motion for summary judgment or adjudication after the parties complete discovery.

### III. Prospect of Settlement

To date, the parties have not engaged in any meaningful settlement discussions. However, based on the limited conversations that have taken place, it is apparent that no productive settlement conversations will be possible without first conducting some discovery.

[CONTINUED ON NEXT PAGE]

Hon. Paul G. Gardephe
November 22, 2013
Page 4

### IV. Case Management Plan

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's direction, Plaintiff's counsel David B. Jonelis and Defendants' counsel Matthew A. Glazer conferred telephonically on November 8, 2013 to discuss the matters set forth in the Court's Civil Case Management Plan. However, while counsel were able to reach agreement regarding certain dates, there is disagreement regarding when discovery should be completed.

Attached hereto is a copy of the parties' proposed Civil Case Management Plan and Scheduling Order, which indicates the parties' agreement (where applicable) regarding the scheduling of this action. Where the parties could not agree on particular dates, they have indicated their respective scheduling preferences.

Respectfully Submitted,

LAVELY & SINGER PROFESSIONAL CORP.

By: /s/ David B. Jonelis
David B. Jonelis (*pro hac vice*)
Martin D. Singer (*pro hac vice*)
Andrew B. Brettler
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

*Attorneys for Plaintiff Catherine Scorsese*

COZEN O' CONNOR, P.C.

By: /s/ Matthew A. Glazer
Justin B. Wineburgh (*pro hac vice*)
Matthew A. Glazer (*pro hac vice*)
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-5566
Facsimile: (215) 701-2057

*Attorneys for Defendants Michael Simon, Kenneth Waddell, JumpView Entertainment, LLC, and Campus Life Productions, LLC*

Hon. Paul G. Gardephe
November 22, 2013
Page 5

cc: Martin D. Singer, Esq.
    Andrew B. Brettler, Esq.
    Michael C. Schmidt, Esq.
    Justin B. Wineburgh, Esq.